IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSMAN MALDONADO, on behalf of himself and other persons similarly situated, | CIVIL ACTION NO. |
| *Plaintiff*, | JUDGE |
| v. | |
| NEW ORLEANS MILLWORKS, LLC and SCOTT TARANTO, | MAG. JUDGE |
| *Defendants*. | |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Osman Maldonado, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants New Orleans Millworks, LLC and Scott Taranto.

**NATURE OF THE ACTION**

1. This is an action by Osman Maldonado ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a painter by Defendants New Orleans Millworks, LLC and Scott Taranto ("Defendants"). While working for Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Osman Maldonado

5. Plaintiff Osman Maldonado is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately February 2015 and worked for Defendants until approximately September 2016.

7. Plaintiff worked for Defendants at several jobsites in New Orleans, Louisiana. Plaintiff worked alongside at least twenty other laborers at Defendants' jobsites.

8. Defendants hired Plaintiff to work as a painter.

9. Defendants at first paid Plaintiff $15.00 per hour and later paid Plaintiff $16.00 per hour. For every hour that he worked in excess of forty in any particular week he was only paid $15.00 or $16.00 per hour, respectively.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant New Orleans Millworks, LLC

11. Defendant New Orleans Millworks, LLC ("NOMW") is a limited liability company organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

12. NOMW is in the business of manufacturing and installing custom shutters, doors, windows, and other millwork for historically correct reproductions and renovations.

13. NOMW supervised the day to day work activities of Plaintiff.

14. NOMW determined Plaintiff's work schedule for the employment at issue herein.

15. NOMW maintains an employment file for Plaintiff.

16. NOMW is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. NOMW is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Scott Taranto

18. Defendant Scott Taranto is an owner and member of Defendant NOMW.

19. At all pertinent times herein Defendant Scott Taranto had the authority to hire and fire NOMW employees, including the Plaintiff herein.

20. At all pertinent times herein Defendant Scott Taranto maintained executive authority over the jobs NOMW employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

21. Defendants are in the business of manufacturing and installing custom shutters, doors, and windows. Defendants specialize in historically correct reproduction and renovation projects.

22. Defendants employed more than twenty workers at their jobsites.

23. Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked at least 55 hours per week. Defendants often required Plaintiff to work at least six days per week.

24. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

25. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

26. Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

27. Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

28. When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

29. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt

employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

31. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least February 2014 and continuing until the present.

32. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

February 3, 2017

*Respectfully submitted,*

*/s/ Roberto Luis Costales*  */s/ William H. Beaumont*

_____  _____
Roberto Luis Costales  William H. Beaumont
3801 Canal Street, Suite 207  3801 Canal Street, Suite 207
New Orleans, LA 70119  New Orleans, LA 70119
Louisiana Bar #33696  Louisiana Bar #33005
Telephone: (504) 534-5005  Telephone: (504) 483-8008
Facsimile: (504) 272-2956  *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

*/s/ Emily A. Westermeier*

_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*