UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSMAN MALDANADO                          CIVIL ACTION

VERSUS                                   No.: 17-1015

NEW ORLEANS MILLWORKS,                   SECTION: "J"(5)
LLC, ET AL.

### ORDER & REASONS

Before the Court is a *Rule 12(b)(6) Motion to Dismiss* **(R. Doc. 16)** filed by Defendants New Orleans Metalworks, Inc. ("Metalworks") and its owner David Waldheim (collectively, "Defendants"). Plaintiff Osman Maldonado opposes the motion **(R. Doc. 29)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that he and other similarly situated employees were not paid proper overtime compensation. (R. Doc. 9 at 1.) Plaintiff alleges that Defendant O&G Construction, LLC ("O&G Construction"), owned by Defendant Olan David Del Arca Sabat, provides manual labor for general contractors such as Metalworks. *Id.* at 3. Plaintiff alleges he was employed as a painter for Defendants from February 2015 to September 2016 and he was paid approximately $15.00 per hour

regardless of the number of hours worked per week. *Id.* at 2, 5. Additionally, Plaintiff alleges that Defendants failed to pay other similarly situated employees overtime in violation of the FLSA's overtime requirements. *Id.* at 5.

On March 13, 2017, Plaintiff filed the present lawsuit and asked the Court to certify a collective action, pursuant to 29 U.S.C § 216(b), against New Orleans Millworks ("Millworks") and its owner Scott Taranto. (R. Doc. 1.) Plaintiff amended his complaint and added O&G Construction and Olan David Del Arca Sabat as Defendants, R. Doc. 4 at 3-4, and amended his complaint again to replace Millworks and Scott Taranto with Metalworks and David Waldheim, R. Doc. 9 at 3. On May 3, 2017, Defendants Metalworks and Waldheim filed the present *Motion to Dismiss*. Defendants argue that Plaintiff's complaint fails to adequately allege an individual or collective FLSA claim. Plaintiff contends that his complaint sufficiently alleges both an individual and collective action against Defendants for failure to pay proper overtime compensation. Defendants' motion is now before the Court on the briefs and without oral argument.

**PARTIES' ARGUMENTS**

**1.   Defendants' Arguments**

Defendants argue that Plaintiff's FLSA claims must be dismissed under the Federal Rules of Civil Procedure 12(b)(6) because his allegations are too vague and conclusory. (R. Doc. 16-

2

1 at 2). As to Plaintiff's individual claim, Defendants contend Plaintiff fails to adequately allege the amount of overtime compensation he is owed because he does not identify the time period and overtime hours he worked. *Id.* at 4. Defendants also argue that Plaintiff has not alleged sufficient facts to warrant a collective action. *Id.* at 4-6. Defendants assert that Plaintiff's allegations do not adequately describe the work, pay, or hours of other similarly situated employees. *Id.* at 5. Defendants buttress their argument by noting that Plaintiff is the only "painter" on staff, and Defendants' employees either perform different duties or are independent contractors hired at a fixed price. *Id.*

## 2.   Plaintiff's Arguments

Plaintiff argues that he has adequately alleged the approximate dates and amount of time he worked and that he was not paid any overtime during this period. (R. Doc. 29 at 2.) Thus, Plaintiff contends that he has properly alleged an individual FLSA claim for overtime compensation. Plaintiff also argues that he has adequately alleged an FLSA collective action. *Id.* at 3-4. While Plaintiff admits that he seeks to certify a broad range of employees, he argues against narrowing the field of eligible class members before discovery because employers tend to control the information necessary to an FLSA plaintiff's claims. *Id.* at 4. Plaintiff argues he has alleged sufficient facts to survive

Defendants' motion and that he should not be barred from filing a motion for conditional certification at a later date.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

4

228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

The FLSA mandates that covered employers pay covered employees "at least one and one-half times their normal rate of pay for hours worked in excess of 40 hours per week." *Scott v. Gusman*, No. 15-4484, 2015 WL 5971767, at *1 (E.D. La. Oct. 14, 2015). To assert an unpaid overtime claim, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime compensation due." *Id.* (citing *Johnson v. Heckman Water Ress. Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

Plaintiff has alleged that there was an employer-employee relationship, he engaged in activity covered by the FLSA, and that Defendants violated the FLSA's overtime requirements. However, Defendants contend that Plaintiff has failed to adequately allege the fourth prong—the amount of overtime compensation due. This Court has determined that a plaintiff "sufficiently pleads [the

amount of overtime compensation due] by alleging sufficient facts
to put the defendant on notice as to the approximate date ranges,
as well as the approximate number of hours worked." *Nieto v.
Pizzati Enters., Inc.*, No. 16-5352, 2016 WL 6962513, at *11 (E.D.
La. Nov. 29, 2016) (internal citations omitted). Here, Plaintiff
alleges that he worked, on average, 55 hours per week from February
2015 to November 2016 and that he was paid his regular wage of
approximately $15 per hour regardless of the number of hours he
worked. Accordingly, Plaintiff has sufficiently alleged the
approximate date range and approximate hours worked to allege the
amount of overtime compensation due. Consequently, Plaintiff has
adequately alleged that Defendants violated the FLSA's overtime
requirements.

Defendants rely on *England v. Administrators of Tulane
Education Fund* to argue that Plaintiff failed to allege the amount
of overtime compensation owed. No. 16-3184, 2016 WL 3902595, at *3
(E.D. La. July 19, 2016). However, *England* is distinguishable from
the present case because in *England* the plaintiff only alleged
that he routinely worked overtime from 2012 to 2015. Although the
plaintiff in *England* alleged that he was paid some overtime he did
not approximate when such compensation occurred, rendering his
FLSA claim incalculable. *Compare England*, 2016 WL 3902595, at *3
*with England v. Admin's. of Tulane Educ. Fund*, No. 16-3184, 2016
WL 6520146, at *3-4 (E.D. La. Nov. 3, 2016) (noting that the newly

amended complaint, which specified that the overtime violations occurred between July 2012 through December 2014, sufficiently pleaded enough facts to put the defendant on notice). Thus, while this case is similar to *England*, the Court finds that because Plaintiff alleges that he worked 55 hours per week from February 2015 to November 2016 and was paid $15 per hour regardless of the number of hours he worked, Plaintiff has adequately alleged an individual FLSA overtime claim.

Turning to the collective action issue, the FLSA authorizes "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'" *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (citing 29 U.S.C. § 216(b)). The FLSA has not, nor has the Fifth Circuit, defined what "similarly situated" means. *See id.* at 573. This Court traditionally follows the *Lusardi* two-step analysis to determine whether plaintiffs are similarly situated. *Lang v. DirectTV, Inc.*, 735 F. Supp. 2d 421, 434-35 (E.D. La. 2010). Step one of *Lusardi* asks, at the "notice stage," whether "notice should be given to potential members of the collective action" based on the pleadings. *Id.* at 435. Because there is little evidence at the notice stage, the standard is lenient and typically results in a conditional certification. *Id.* To determine whether plaintiffs are similarly situated, the *Lusardi* test asks: "(1) the extent to which the employment setting is similar; (2) the extent to which any defenses

7

the employer has are common or individuated; and (3) general fairness and procedural considerations." *Id.*

Here, Plaintiff has not yet reached the first certification stage because he has not yet moved for certification or for specific notices to be distributed. Accordingly, *determination* of a conditional certification is pre-mature; however, in order to survive a Rule 12(b)(6) motion, Plaintiff must still "have *adequately pleaded* that [he is] similarly situated to potential collective action members." *See id.* at 435-36. (emphasis added). "[O]pinions from district courts . . . are inconsistent, arriving at different conclusions as to . . . whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address [conditional certification]." *Creech v. Holiday CVS, LLC,* No. 11-46, 2012 WL 4483384, at *6-7 (M.D. La. Sept. 26, 2012). However, this Court finds the proposition that dismissal of a collective action is inherently improper on a Rule 12(b)(6) motion to dismiss is inaccurate. *See, e.g., Lang,* 735 F. Supp. 2d at 436 (holding that, while *determination* of conditional certification was pre-mature on a Rule 12(b)(6) motion to dismiss, the plaintiffs *adequately pleaded* that a potential class existed by detailing the scope of the FLSA violations, the job titles of the putative class members, the job duties of the potential members, and the means by which the violations occurred).

It is well settled that federal plaintiffs must first satisfy the mandates of Fed. R. Civ. P. 8(a) and allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, Plaintiff merely asserts that a collective action is proper because Defendants "paid the named Plaintiff and other similarly situated employees at an hourly rate" treated them "as exempt from FLSA's overtime requirements," and that "they were not exempt from the FLSA's overtime requirement."[1] (R. Doc. 9 at 5). These are conclusory allegations disguised as legal conclusion. *See Dyer v. Lara's Trucks, Inc.*, No. 12-785, 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) ("The Plaintiff merely asserts that she seeks a collective action with a class of employees that is 'similarly situated in terms of job duties, pay, and compensation.' This is a legal conclusion."). Plaintiff merely speculates that a class may exist and that this hypothetical class may have suffered widespread FLSA violations. This is not sufficient to survive a Rule 12(b)(6) motion. Accordingly, the Court finds that Plaintiff has not adequately alleged an FLSA collective action. While the Court is mindful of the unique nature of FLSA cases, and the fact that employers often hold the evidence necessary to prove a collective action, "conclusory allegations or legal conclusions masquerading as factual conclusions will not

---

[1] Plaintiff specifically labeled these allegations in his complaint as "Collective Action Allegations."

suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378. Nevertheless, the Court finds that dismissal is inappropriate and shall grant Plaintiff an additional twenty-one days to amend his complaint to properly allege a FLSA collective action.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(R. Doc. 16)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that **Plaintiff is granted an additional twenty-one (21) days from the entry of this Order and Reasons** to file an amended complaint alleging a Fair Labor Standards Act collective action. If an amended complaint is not filed, Plaintiff's Fair Labor Standards Act collective action claims will be dismissed with prejudice.

New Orleans, Louisiana this 8th day of June, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE