UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OSMAN MALDONADO, et al** | * | **CIVIL ACTION** |
| | * | **NO: 17:1015** |
| VS. | * | |
| | * | **JUDGE CARL BARBIER** |
| **NEW ORLEANS METALWORKS, INC,** | * | |
| et al. | * | **MAG. JUDGE NORTH** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION TO PROCEED AS A COLLECTIVE ACTION**

NOW INTO COURT, through undersigned counsel, comes O&G Construction, LLC and Olan David Del Arca Sabat, who files this Opposition to the Motion to Proceed as a Collective Action and for Judicial Notice and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs (Rec.Doc. 39), to wit:

District Courts have discretion in deciding whether to order notice to potential plaintiffs. See *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170-71, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Villatoro v. Kim Son Rest., L.P.,* 286 F.Supp.2d 807, 809 (S.D.Tex.2003). Here, the plaintiffs have not met their burden of showing that they were victims of an alleged single decision, policy, or plan. Thus, a collective action notice would be improper.

**I.     FACTS**

Defendant, O&G Construction, LLC, provides labor to building contractors. Olan David Del Arca Sabat is a principal in O&G Construction, LLC. The other defendant, New Orleans Metalworks, Inc., contracts with O&G Construction, LLC to provide labor. (Rec.Doc. 9, para. 12). Plaintiffs allege that both O&G Construction, LLC and New Orleans Metalworks, Inc. employed

1

the plaintiffs. Plaintiffs seem to allege that O&G Construction, LLC and New Orleans Metalworks, Inc. are jointly liable for the alleged non-payment.

O&G Construction, LLC contracts with other contractors besides New Orleans Metalworks, Inc., and provides labor to other companies. No other company besides O&G Construction, LLC and New Orleans Metalworks, Inc. has been made a defendant in this action. Thus, should this Court agree that notice should be sent to potential plaintiffs, that notice should only be sent to those persons who allegedly worked for both O&G Construction, LLC and New Orleans Metalworks, Inc. as described in the Complaints in this action.

## II.    LAW AND ARGUMENT

### A.  Plaintiffs have failed to meet the similarly situated threshold.

The Court "has a responsibility to refrain from stirring up unwarranted litigation." *Xavier v. Belfor USA Group, Inc.,* 585 F.Supp.2d 873, 878  (2008) citing *Lentz v. Spanky's Restaurant II, Inc.,* 491 F.Supp.2d 663, 668-69 (N.D.Tex.2007). "Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendant's expense." *Id.*

"To prevail at the notice stage, the named plaintiffs must have substantial allegations that they and potential opt-in members were together the victims of a single decision, policy, or plan that violated the law." *Id.* Plaintiffs in the current action, much like the plaintiffs in the *Xavier* case, have failed to carry their threshold burden of showing a single decision, policy, or plan.

Although the plaintiffs make factual allegations in their affidavits alleging that they personally were not paid overtime, those factual allegations do not suggest a single decision, policy, or plan by the defendants. Thus, although these individual plaintiffs may have stated individual complaints for unpaid overtime, because they have not provided facts that would suggest a single decision,

policy, or plan by the defendants, issuing notice of a purported collective action is improper. Similar to the *Xavier* matter, in this case "the individual circumstance of each worker is too particularized to warrant collective certification nationwide." *Xavier*, 585 F.Supp.2d at 880.

There is no mention at all by the plaintiffs of any single decision, policy, or plan that was instituted by both O&G Construction, LLC and New Orleans Metalworks, Inc. because there was no such plan. A collective action notice would be improper.

**B.  The proposed class would violate FRCP 20.**

As the plaintiffs correctly note in their brief, the Supreme Court stated:

> "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."

*Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. at 170-171 110 S.Ct. at 486. The notice proposed by these plaintiffs is contrary to Rule 20 of the Federal Rules of Civil Procedure. FRCP 20(a)(2) allows defendants to be joined in one action if:

> "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

See FRCP 20(a)(2)(A-B). Plaintiffs allege that both O&G Construction, LLC and New Orleans Metalworks, Inc. were the employers of the plaintiffs as O&G Construction, LLC provided labor to New Orleans Metalworks, Inc. Under FRCP 20(a)(2)(A), O&G Construction, LLC and New Orleans Metalworks, Inc. are properly joined based on the allegations in the Complaints. O&G Construction, LLC neither admits nor denies that the plaintiffs were employees of both O&G Construction, LLC and New Orleans Metalworks, Inc.

It would be improper for the plaintiffs' proposed notice to be issued to the requested class of:

> "All individuals who worked or are working performing manual labor for O&G Construction, LLC during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."

(Rec.Doc. 39, pg. 5). A worker who worked for O&G Construction, LLC and not New Orleans Metalworks, Inc. would not be a proper plaintiff in this action. Because the plaintiffs allege that both O&G Construction, LLC and New Orleans Metalworks, Inc. were the employers, the proposed notice should only be sent to those persons who worked for both O&G Construction, LLC and New Orleans Metalworks, Inc.

A worker who worked for only O&G Construction, LLC or only New Orleans Metalworks, Inc. does not fit into the allegations made in the complaints. Only persons who worked for both companies fit the allegations. Should the plaintiffs attempt to add another company/defendant that contracted with O&G Construction, LLC but did not work with New Orleans Metalworks, Inc, that amended complaint would violate FRCP 20(a)(2) as there could be no allegation of joint and several liability. The addition of other alleged employers would make it even more difficult to prove that a single decision, policy, or plan by the defendants impacted the alleged collective class members.

### III.   CONCLUSION

Plaintiffs have not carried their initial burden of showing that they were victims of a single decision, policy, or plan. Thus, notice to an alleged collective action is improper.

Further, the proposed collective action is improper as it is not limited to those persons who were employed both by O&G Construction, LLC and New Orleans Metalworks, Inc.

Plaintiffs motion (rec.Doc. 39) should be denied.

Respectfully Submitted,

**MARTZELL, BICKFORD, & CENTOLA**

*/s/Lawrence J. Centola, III*
**LAWRENCE J. CENTOLA, III (#27402)**
**CHRISTOPHER CARBINE (#36326)**
338 Lafayette Street
New Orleans, Louisiana  70130
(504) 581-9065
(504) 581-7635 (Fax)

**Counsel for O&G Construction, LLC and Olan David Del Arca Sabat**

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been sent to counsel of record for all parties by delivery of same by the ECF system this 5th day of September, 2017 and sent to all known counsel via U.S. Mail.

                                      *Lawrence J. Centola, III*
                                      **LAWRENCE J. CENTOLA, III**