OSMAN MALDONADO                           CIVIL ACTION

VERSUS                                    No.: 17-1015

NEW ORLEANS MILLWORKS,                    SECTION: "J"(5)
LLC, ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 39)** filed by Plaintiffs, Osman Maldonado, Josue Nunez, Mauricio Hernandez, and Marvel Guerrero; an opposition thereto (Rec. Doc. 41) filed by Defendants, O&G Construction, LLC and Olan David Del Arca Sabat; another opposition (Rec. Doc. 42) filed by Defendants, New Orleans Metalworks, Inc. and David Waldheim; and Plaintiffs' reply (Rec. Doc. 53). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a collective action filed by Plaintiffs, Osman Maldonado, Josue Nunez, Mauricio Hernandez, and Marvel Guerrero, under the Fair Labor Standards Act of 1938 ("FLSA").[1] Plaintiffs brought this suit on behalf of themselves and all others similarly

---

[1] 29 U.S.C. § 201 *et seq.*

situated to recover allegedly unpaid overtime wages for manual work they performed for Defendants, O&G Construction, LLC, Olan David Del Arca Sabat, New Orleans Metalworks, Inc, and David Waldheim. O&G Construction, LLC ("O&G") is a commercial construction company that is owned and managed by Olan David Del Arca Sabat and specializes in providing manual labor for general contractors, including New Orleans Metalworks, Inc. ("NOMW"). NOMW, owned by David Waldheim, is a general contractor that provides construction services in the greater New Orleans area.[2] NOMW allegedly engaged O&G to provide labor for its jobsites. Plaintiffs allege that they were hired by O&G as laborers prior to March 2015 to perform work such as painting, sheet-rocking, and finishing.

Initially, this lawsuit was brought by Plaintiff Osman Maldonado against New Orleans Millworks ("Millworks") and its owner Scott Taranto. (Rec. Doc. 1.) By two subsequent amendments to his complaint, Plaintiff Maldonado added O&G and Olan David Del Arca Sabat and replaced Millworks and Scott Taranto with NOMW and David Waldheim as Defendants. (Rec. Docs. 4, 9.) On June 8, 2017, the Court granted in part and denied in part NOMW's *Motion to Dismiss*, holding that Plaintiff Maldonado had adequately alleged

---

[2] In the interest of simplicity, the Court will refer to O&G when addressing claims against both O&G and its owner, Olan David Del Arca Sabat. Likewise, the Court will refer to NOMW when addressing claims against both NOMW and its owner, David Waldheim.

an individual FLSA overtime claim but had not sufficiently pleaded a FLSA collective action. (Rec. Doc. 32 at 7, 9.) The Court granted Plaintiff an additional twenty-one (21) days to file an amended complaint alleging a FLSA collective action. Id. at 10. On June 16, 2017, a third amended collective action complaint was filed by Osman Maldonado, Josue Nunez, Mauricio Hernandez, and Marvel Guerrero (collectively, "Plaintiffs") on behalf of themselves and others similarly situated. (Rec. Doc 35.) On August 22, 2017, Plaintiffs filed the instant *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 39.)** Defendants opposed the motion (Rec. Docs. 41, 42), and Plaintiffs filed a reply (Rec. Doc. 53). The motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

Plaintiffs seek to maintain their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). As such, Plaintiffs move the Court to conditionally certify a collective action of employees limited to the following:

> All individuals who worked or are working performing manual labor for O&G Construction, LLC, during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207, and who did not receive full overtime compensation.

(Rec. Doc. 39-1 at 5.)

Plaintiffs argue that the allegations in their complaint as well as their attached sworn declarations and timesheets demonstrate clear violations of the FLSA that are not personal to Plaintiffs, but rather are part of Defendants' general policy not to pay their employees overtime. O&G foremen allegedly supervised Plaintiffs and would send the employees' timesheets to a NOMW supervisor. Plaintiffs allege that they and their co-workers were paid by check bearing the name O&G Construction, LLC, and would be paid an hourly rate regardless of the number of hours that they worked per week and that they often worked in excess of 40 hours per week. Plaintiffs argue that this information establishes that there is likely a group of similarly situated individuals entitled to receive notice of this lawsuit. Id. at 13-14.

Defendants argue that Plaintiffs cannot demonstrate the existence of a class of similarly situated individuals. First, O&G opposes conditional class certification, arguing that Plaintiffs have failed to establish that they were the victims of a single decision, policy, or plan. Defendants also assert that the Plaintiffs' proposed class definition violates Federal Rule Civil Procedure 20(a)(2) regarding the joinder of defendants. Because NOMW and O&G are both named Defendants in the litigation, Defendants argue that the potential class must be comprised of employees who have worked for both NOMW and O&G, rather than

limiting the class to current and former employees of O&G exclusively. (Rec. Doc. 41 at 2.) NOMW also filed an opposition to the motion, adopting and incorporating by reference O&G's arguments and further contending that conditional class certification is improper because Plaintiffs have not established their status as employees. (Rec. Doc. 42 at 1.)

## LEGAL STANDARD

The FLSA "establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek." McGavock v. City of Water Valley, Miss., 452 F.3d 423, 424–25 (5th Cir. 2006) (citing 29 U.S.C. § 207). The FLSA affords workers a right of action for violations of this rule. 29 U.S.C. § 216(b). Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." Id. "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." Lima v. Int'l Catastrophe Sols., Inc., 493 F.Supp. 2d. 793, 797 (E.D. La. 2007). The notice must be "timely, accurate, and informative." Id. (citing Hoffman-La Roche, Inc., v. Sperling, 493 U.S. 165, 172 (1989)). To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. 29 U.S.C. § 216(b).

5

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." Basco v. Wal-Mart Stores, Inc., 00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). The FLSA does not define the term "similarly situated." See 29 U.S.C. § 207; see also Prejean v. O'Brien's Response Mgmt., Inc., 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013). However, the Fifth Circuit has recognized that courts have followed two methods of determining whether the putative class members are "similarly situated" and whether notice should be given: the two-stage class certification approach typified by Lusardi v. Xerox Corp.[3] and the "spurious" class action approach espoused by Shushan v. University of Colorado.[4] The Fifth Circuit has expressly refused to endorse either method over the other. See Roussell v. Brinker Int'l, Inc., 441 F. App'x 222, 226 (5th Cir. 2011) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 & n.7 (5th Cir. 1995)). However, this Court traditionally follows the Lusardi two-step analysis to determine whether plaintiffs are similarly situated and will do so here. See, e.g., Banegas v. Calmar Corp., 15-593, 2015 WL 4730734, at *3

---

[3] 122 F.R.D. 463 (D.N.J. 1988).
[4] 132 F.R.D. 263 (D. Colo. 1990). Under the Shushan approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Fed. R. Civ. P. Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified.

(E.D. La. Aug. 10, 2015) (applying the Lusardi standard to determine that employees were sufficiently similarly situated to justify proceeding as a collective action); Lang v. DirecTV, Inc., 10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (noting that the Lusardi approach is "the more common approach and routinely used by courts in this District").

The Lusardi approach is comprised of two stages. First, during the "notice stage," the Court determines whether to grant "conditional certification" and issue notice to potential members of the putative collective class. See Chapman v. LHC Grp., Inc., 13-6384, 2015 WL 5089531, at *5 (E.D. La. Aug. 27, 2015). In other words, the Court conducts an initial inquiry into "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010). Courts usually base this decision upon "the pleadings and any affidavits that have been submitted." Mooney, 54 F.3d. at 1214. At the notice stage, the burden is on the plaintiff to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." Chapman, 2015 WL 5089531, at *5. Because of the limited evidence

available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Mooney, 54 F.3d at 1214 (footnote omitted). Although the standard is lenient, "it is by no means automatic." Lima, 493 F. Supp. 2d at 798. Generally, courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." Mooney, 54 F.3d at 1214 n.8 (citation omitted). If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. Id. at 1214. The case then proceeds through discovery as a representative action. Id.

The second stage of the Lusardi approach is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available." Acevedo, 600 F.3d at 519. At this stage, the court applies a three-factor test, "considering (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural concerns." Chapman, 2015 WL 5089531, at *6 (citing Kuperman v. ICF Int'l, No. CIV.A. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008)). Then, the court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single

action." Acevedo, 600 F.3d at 518-19. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial." Mooney, 54 F.3d at 1214. If the plaintiffs are not similarly situated, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the class representatives proceed to trial on their individual claims. Id.

## DISCUSSION

Plaintiffs seek to conditionally certify a class of manual laborers who work or worked for O&G during the last three years and were not paid overtime wages. Although a lenient standard is applied at the notice stage, Plaintiffs are required to show "at least 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan [that violated the FLSA].'" H & R Block, Ltd., v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting Mooney, 54 F.3d at 1214 n.8). "Courts have repeatedly stressed that Plaintiffs must only be similarly – not identically – situated to proceed collectively." Prejean, 2013 WL 5960674, at *5 (quoting Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). A court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." Xavier v. Belfor USA Group, Inc., 585 F.Supp.

2d 873, 878 (quoting <u>Crain v. Helmerich & Payne Int'l Drilling</u> <u>Co.</u>, 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992)). This determination is usually made based on the pleadings and any affidavits that have been submitted. <u>Mooney</u>, 54 F.3d at 1214.

In their sworn declarations, Plaintiffs declared that they worked as manual laborers for O&G sometime in the past three years. (Rec. Docs. 39-2, 39-3, 39-4, 39-5.) Plaintiffs also uniformly state that they "often" worked more than forty hours per week and were paid their hourly rate regardless of the number of hours worked per week in excess of forty hours. In Plaintiff Osman Maldonado's declaration, he stated that he was hired as a painter and sheet rocker from February of 2015 to September of 2016. (Rec. Doc. 39-2.) Maldonado further declared that at first, he was paid $15 per hour, but later was paid $16 per hour and averaged 64 hours per week. <u>Id.</u> Plaintiff Josue Nunez declared that he worked as a painter and a foremen beginning in March of 2015 until October of 2016. (Rec. Doc. 39-3.) Nunez stated that he was initially paid $13 per hour and eventually was paid $15 per hour and averaged 64 hours per week. <u>Id.</u> Plaintiff Mauricio Hernandez declared that he worked as a painter, finisher, and foreman, beginning in 2014 until January of 2016. (Rec. Doc. 39-4.) Hernandez stated that he was paid $15 per hour and averaged 68 hours per week. <u>Id.</u> Plaintiff Marvel Francisco Guerrero declared that he was hired as a painter and worked from March of 2013 through November of 2016. (Rec.

Doc. 39-5.) Guerrero stated that he was paid $11 per hour at first but towards the end made $14.50 per hour. Id. Guerrero also declared that he averaged 64 hours per week. Id. Plaintiffs collectively state that they were paid by check bearing the name "O&G Construction, LLC." Plaintiffs also submitted copies of their timesheets which substantiate the stated hours worked and rates of compensation. Id. Moreover, Plaintiffs declared that their co-workers, who performed the same basic tasks as them, also normally worked in excess of forty hours in a week. Plaintiffs stated that based on conversations with these co-workers, they, like Plaintiffs, were also paid by check and never received overtime compensation.

Defendants argue that any proposed class should be exclusively comprised of employees who worked for both O&G and NOMW as alleged in the complaint. Defendants assert that the Plaintiffs' proposed notice violates Federal Rule of Civil Procedure 20(a)(2) regarding the proper joinder of defendants.[5] Defendants argue that creating a class exclusively comprised of O&G employees would improperly include certain employees who had not also worked for NOMW. Accordingly, Defendants request that

_____

[5] Federal Rule of Civil Procedure 20(a)(2) permits joinder if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law and fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

the class be limited to those employees who had worked for both O&G and NOMW during the specified time period.

Courts in this circuit have rejected similar arguments to limit a collective action notice. In <u>Lima v. Int'l Catastrophe Sols., Inc</u>., the court conditionally certified a class of manual laborers where the defendant contractor, ICS, objected to the inclusion of potential opt-ins who were also employees of "other subcontractors" – a term that made the class overly broad according to the defendant contractor. 493 F. Supp. 2d 793, 799–800 (E.D. La. 2007). The plaintiffs had submitted affidavits of persons who worked pursuant to a subcontract between ICS and another subcontractor, C.L.S. <u>Id.</u> at 799. ICS acknowledged that employees of subcontractor C.L.S. may be similarly situated based on the evidence submitted. <u>Id.</u> However, ICS argued that the inclusion of employees of any other subcontractor should not be allowed due to the plaintiffs' failure to present any evidence that such workers were similarly situated or subjected to a similar illegal pay scheme. <u>Id.</u> In rejecting ICS's argument, the court stated:

> It is true that the Plaintiffs present no affidavits of
> workers employed by other subcontractors besides C.L.S.,
> but a review of the Defendants' pay records and
> agreements to subcontract will easily reveal whether a
> common plan existed to improperly pay overtime salaries.
> It seems appropriate to certify the collective action at

this time and revisit the question later after some
discovery.   If the allegations regarding the C.L.S. and
ICS contract prove to be true, it would be reasonable to
conclude that ICS may also have engaged in these same
practices with other subcontractors. It is unlikely that
the other subcontractors' workers received a different
rate of pay or did substantially different work.

Id. at 799-800; see also Kaluom v. Stolt Offshore Incorporated,
474 F. Supp. 2d 866, 875 (S.D. Tex. 2007) (rejecting argument that
notice should be limited to workers of one company and stating
that defendant could move for decertification after discovery had
been conducted showing different results for employees of other
companies); Esparza v. Kostmayer Constr., LLC, 15-4644, 2016 WL
3567060, at *4 (E.D. La. July 1, 2016) (rejecting contention that
class notice should be limited to only those individuals who worked
for both defendant companies).

The Court is persuaded by the reasoning of the above-mentioned
cases and finds that the proposed notice is not overly broad and
does not need to be limited to only employees of both NOMW and O&G
at this time. Plaintiffs have satisfied their lenient burden of
establishing "substantial allegations" that the putative class
members exist and that together they were "the victims of a single
decision, police or plan." Fernandes da Silva v. M2/Royal Const.
of Louisiana, LLC, 08-4021, 2009 WL 3565949, at *4 (E.D. La. Oct.

13

29, 2009) (citing Mooney, 54 F.3d at 1214). First, "there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." Lopez v. Hal Collums Constr., LLC, 15-4113, 2015 WL 7302243, at *6 (E.D. La. Nov. 18, 2015) (quoting Perkins v. Manson Gulf, L.L.C., 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb 23, 2015)). However, Plaintiffs have filed into the record thirteen notices from other individuals consenting to file suit under FLSA. See Rec. Docs. 40, 50, 51, 54. Next, Plaintiffs provided declarations stating that they performed manual labor while employed with O&G and that they often worked more than 40 hours per week on various jobsites without receiving overtime compensation as required under the FLSA. Plaintiffs also declared that they and their co-workers were supervised by a foreman who kept track of their work hours; they worked the same shifts and took breaks at the same time; they performed the same basic tasks; and they often worked more than forty hours a week. Based on conversations with their co-workers, Plaintiffs stated that they know that their co-workers also did not receive overtime for hours worked in excess of forty hours per week and that they were also paid by check. There is no indication that the practice of nonpayment of overtime "relates to specific circumstances personal to the plaintiff[s]." Xavier, 585 F. Supp. 2d at 878. Rather, Plaintiffs' allegations and evidence reasonably support that the alleged harm stems from a general policy or rule

14

and that Plaintiffs' and the putative class members were together victims of such a policy.

NOMW also argues that Plaintiffs have not demonstrated that they were employees of either O&G or NOMW and therefore cannot demonstrate the existence of a sufficiently similarly-situated individuals. Courts in this district have conditionally certified collective actions despite questions about the employment status of the named plaintiff and potential opt-in plaintiffs. See, e.g., Prejean, 2013 WL 5960674, at *7-8 ("The fact that questions remain about the employment status . . . regarding the named plaintiffs and proposed class of plaintiffs will not stop this Court from considering the propriety of conditionally certifying their collective action.")(citation omitted); Lang, 2011 WL 6934607 at *3 (refusing to dismiss plaintiffs' claims because questions existed regarding whether the defendant was an employer or joint employer of plaintiffs); Fernandes da Silva v. Royal Constr. of La., LLC, 08-4021, 2009 WL 3565949, at *4 (E.D. La. Oct. 29, 2009) (conditionally certifying class despite questions regarding whether the defendant was an employer or joint employer of plaintiffs). The Court "need not decide at this juncture the exact nature of the employment relationship here." Lang, 2011 WL 6934607, at *3. "[S]uch an inquiry is better addressed at the decertification stage after discovery has occurred, when the Court

will be in a position to scrutinize the evidence in greater detail." Prejean, 2013 WL 5960674, at *8.

In sum, the Court finds that the complaint and Plaintiffs' declarations set forth "substantial allegations that the putative class members were together victims of a single decision, policy, or plan." Mooney, 54 F.3d at 1214 n.8. The alleged policy of failing to pay employees performing manual labor an overtime rate for work performed in excess of forty hours a week constitutes a "factual nexus which binds the named plaintiffs and the potential class members together." Xavier v. Belfor USA Grp., Inc., 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008). Accordingly, Plaintiffs have satisfied their lenient burden of showing that there is likely a class of "similarly situated" employees entitled to receive notice. As discovery proceeds to completion, Defendants may move for decertification if it is determined that Plaintiffs have failed to meet their burden of establishing that they and the proposed class members are similarly situated.

Defendants submitted no further objections to the form, content, or timing of Plaintiffs' proposed notice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 39)** is

**GRANTED** as set forth above, and that the above-captioned matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that Notice shall be sent to the following: "All individuals who worked or are working performing manual labor for O&G Construction, LLC during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C § 207 and who did not receive full overtime compensation."

**IT IS FURTHER ORDERED** that Defendants shall have fourteen (14) days from the entry of this Order to produce the full names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

**IT IS FURTHER ORDERED** that the time period within which the potential opt-in plaintiffs may opt-in is ninety (90) days. The ninety (90) day opt-in period will begin to run on the date that Defendants provide a complete list of the names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

New Orleans, Louisiana this 13th day of March, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE