IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSMAN MALDONADO, *et al*, on behalf of themselves and other persons similarly situated, | CIVIL ACTION NO. 17-1015 |
| *Plaintiff*, | JUDGE BARBIER |
| v. | |
| NEW ORLEANS MILLWORKS, LLC, *et al*, | MAG. JUDGE NORTH |
| *Defendants*. | |

## **MOTION TO APPROVE FLSA SETTLEMENT**

After 18 months of litigation, the Parties have reached a settlement of the Plaintiffs' claims and hereby seek Court approval of same, to wit:

### BACKGROUND FACTS

1. On March 13, 2017, pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), Osman Maldonado filed his Second Amended Complaint against Defendants. Dkt. 9.

2. Defendants filed answers denying all allegations. Dkt. 36, 37.

3. Plaintiff moved to certify a class of similarly situated laborers. Dkt. 39. That motion was granted. Dkt. 55.

4. At the same time, Plaintiffs' counsel filed another FLSA collective action in the Western District of Louisiana captioned *Lanza et al v. JMA Painters LLC*, No. 6-cv-01348-SDD-PJH.

5. In the course of discovery it was revealed that some plaintiffs in the *JMA Painters* matter also qualify as Plaintiffs in this case based on the same operative facts. Specifically, Defendant O&G worked as a labor broker for both Defendant New Orleans Metalworks as well as the defendant in *JMA Painters*. However, not all party plaintiffs provided work at *JMA Painters'* and New Orleans Metalworks job sites.

6.  Between this case and *JMA Painters*, 47 plaintiffs opted-in.

7.  The parties engaged in extensive discovery, litigation, and negotiation of this dispute. The facts of the case made it difficult to settle, as there were three Defendants across two separate cases who did not have identical financial strength or identical liability.

8.  Ultimately the parties were able to agree and this resulted in a settlement. Pursuant to the terms of the settlement, the three Defendants in both this case and the *JMA Painters* case shall pay a total of $138,249.55.

9.  From these settlement monies, each Plaintiff shall receive 69% of the overtime they allegedly were not paid. The precise amounts that each Plaintiff will receive are memorialized in Exhibit A to the Settlement Agreement (this agreement is attached to this motion for the Court's review). These amounts were calculated by using the actual hours worked by each Plaintiff and multiplied by their hourly rate.

10. Some of the opt-in Plaintiffs in this action decided to opt-out of the case. They are not included in the settlement. Pursuant to the agreement of the parties, the Plaintiffs request that the Court issue an order granting these opt-out Plaintiffs thirty days from the date of the approval of this agreement to file new lawsuits, if they so desire.

11. While the Settlement Agreement is in fact also a settlement of the *JMA Painters* case, the parties to *JMA Painters* agree to seek judicial approval of their agreement separately in the Western District of Louisiana.

12. Pursuant to the terms of the settlement agreement, Plaintiff's counsel will receive attorneys' fees in the amount of $51,208.87 and costs in the amount of $3,827.50.

ARGUMENT AND AUTHORITY

9. The FLSA provides that any employer who violated its provisions shall be liable to the employees affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be. 29 U.S.C. Section 216(b). The FLSA not only obliges employers to pay employees for unpaid back wages, it compels employers to pay an additional amount in "liquidated damages." *Id*.

10. FLSA claims cannot be waived. *Bodle v. TXL Mortg. Corp*., 788 F.3d 159, 164 (5th Cir. 2015). Parties who seek to compromise FLSA claims must be mindful that the 5th Circuit has promulgated standards for the approval of such agreements. *Id.* Other circuits have also recognized minimum standards for releasing defendant-employers from FLSA claims. *Lynn's Food. Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982); *Boaz v. FedEx Customer Information Services, Inc*., 725 F.3d 603, 606 (6th Cir. 2013).

11. In reviewing an FLSA settlement, a court should determine whether the agreement to settle contemplates a "bona fide dispute" over the actual FLSA claim itself. *Martin v. Spring Break '83 Productions, L.L.C.,* 688 F.3d 247, 255 (5th Cir.2012). Settlements which are merely "generic, broad releases" of future claims do not suffice. *Bodle* at 161.

12. Elements that should be present in an FLSA settlement include: (1) explicit mention of overtime claims; (2) mention of overtime hours; (3) overtime wage amounts; (4) calculations or attempted calculation of overtime hours owed or worked. *Martin* at 255.

13. The settlement in this case[1] displays the hallmarks of an acceptable agreed resolution of FLSA claims. It explicitly contemplates Plaintiffs' overtime claims and it specifically

---

[1] The settlement is attached to this motion as ***Exhibit 1***.

calculates Plaintiffs' award based on his overtime rate of pay and overtime hours worked. As such, this Court should approve the settlement.

WHEREFORE PREMISES CONSIDERED, the parties seek approval of this FLSA settlement for all reasons stated herein.

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiffs*


*/s/ Gabriel O Mondino*
Cesar R. Burgos (# 24328)
Robert J. Daigre (#23016)
Gabriel O Mondino (#31514)
George McGregor (#33977)
BURGOS & ASSOCIATES, L.L.C.
3535 Canal Street, Suite 200
New Orleans, LA 70119-6135
Telephone: (504) 488-3722
Facsimile: (504) 482-8525
*Attorneys for Defendants New Orleans Metal Works, Inc and David Waldheim*


*/s/ Lawrence J. Centola, III*
Lawrence J. Centola, III (#27402)
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)
*Attorneys for Defendants O & G Construction, LLC and Olan David Del Arca Sabat*